UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



WOLVERINE FIRE PROTECTION CO.,

    Plaintiff,

v.      Civil Action No. 2:08cv75

ATLANTIC MARINE
CONSTRUCTION CO., INC.,

    Defendant.

## ORDER AND OPINION

Pending before the court is a motion to dismiss, or in the alternative, stay the action pending referral to arbitration, filed by the defendant, Atlantic Marine Construction Co., Inc. The defendant contends that an arbitration clause in the contract between it and the plaintiff provides it with authority to elect arbitration in lieu of litigation as a means of resolving contract-related disputes. After examination of the briefs and the record, this court determines that oral argument is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated fully herein, the court **GRANTS** the defendant's motion to dismiss.

I. Factual and Procedural Background

This case involves a dispute over a construction contract between the plaintiff, Wolverine Fire Protection Co., and the defendant. The plaintiff, a Michigan corporation that provides fire protection equipment and services for commercial and industrial products, entered into a contract with the defendant, a Virginia corporation that primarily serves as a general contractor for large-

scale projects, to perform certain work related to a contract that the defendant had with the United States government as part of the Nationwide Child Daycare Project. A dispute arose as to billing, and the plaintiff filed the instant suit in this court, alleging that the defendant had breached its contract by refusing to pay for $243,827.90 of work provided by the plaintiff.

Prior to filing suit, the plaintiff had sent a written demand for payment to the defendant, to which the defendant responded by denying the validity of the demand and refusing to make payment. The plaintiff then filed the instant complaint, alleging breach of contract and unjust enrichment, on February 11, 2008. The defendant responded by filing an answer and counterclaim on March 11, 2008. On March 11, the defendant also filed the instant motion to dismiss or, alternatively, to stay the action pending arbitration. The defendant seeks to enforce an arbitration clause in the contract between the two parties that purports to give it the discretion to elect arbitration in lieu of litigation should a dispute arise over the contract. After securing an extension of time in which to respond, the plaintiff filed a brief in opposition to the motion to dismiss on March 31, 2008. The plaintiff claims that the arbitration clause is too vague to be enforceable, and that the court should not rewrite the terms of the clause in order to make it enforceable. The defendant filed a reply brief on April 3, 2008. The matter is therefore ripe for consideration.

II. Standard of Review

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. The court is to make this determination by applying the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473

U.S. 614, 626 (1985) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). As the Court has held:

> questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

Moses H. Cone Mem. Hosp., 460 U.S. at 24-25.

III. Discussion

The contract between the plaintiff and defendant provides, in relevant part:

> At sole discretion of AMC, claims included in subparagraphs (a) or (b), above [relating to contractual disputes], may be arbitrated of [sic] decided by some other means of alternative dispute resolution procedure. If AMC determines that resolution of any dispute between the Subcontractor and AMC shall be made in such manner, litigation pursuant to subparagraph (b), above, shall not be permitted. AMC will be entitled to recover all costs incurred in any litigation or arbitration between parties, including but not limited to, its attorney fees.

Subcontract Agreement, Exhibit A to Plaintiff's Response Brief, at ¶ 11(c). The defendant contends that this provision gives it discretion to elect to arbitrate disputes relating to the contract, and that such an election precludes litigation. Accordingly, the defendant indicates that it has so elected arbitration, and therefore that the instant litigation is not permitted under the contract.

In response, the plaintiff asserts that the arbitration clause is too vague and indefinite, in that it does not prescribe a location, a number of arbitrators, procedural rules, or any enforcement mechanism for an arbitration. Thus, the plaintiff contends that the provision cannot be enforced as written, and should not be rewritten by the court in order to permit enforcement. Instead, the plaintiff seeks to have the parties proceed with the instant litigation in this court.

It appears that the parties agree that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, is the appropriate federal law regarding arbitration. The FAA applies where there exists an agreement in writing providing for arbitration and the writing evidences a transaction involving interstate commerce. 9 U.S.C. § 2. In this case, the contract clearly applies to the provision of goods and services to areas throughout the United States, and therefore implicates interstate commerce. However, the plaintiff contends that the contract's arbitration clause lacks the requisite specificity required for a binding arbitration agreement.

The FAA, however, operates to provide the terms of arbitration on which the contract is silent. Under 9 U.S.C. § 4, should a district court be called upon to compel arbitration, such "hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." Further, 9 U.S.C. § 5 provides that, in the absence of a prescribed method for naming an arbitrator, "upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein." If the arbitration clause is silent on the number of arbitrators, "the arbitration shall be by a single arbitrator." Id. Finally, 9 U.S.C. § 2 permits the parties to seek enforcement of an arbitration provision in federal court, so long as the contract itself remains valid. Thus, despite the lack of specificity of the instant arbitration clause, the FAA provides gap-filling terms.

In Schulze & Burch Biscuit Co. v. Tree Top, Inc., 831 F.2d 709 (7th Cir. 1987), the Seventh Circuit rejected a claim similar to the one made by the plaintiff in this case. In reliance, on the FAA, the court found that an arbitration clause that stated, in its entirety, "ALL

4

DISPUTES UNDER THIS TRANSACTION SHALL BE ARBITRATED IN THE USUAL MANNER," was not too vague to be enforced. Id. at 715-16. Indeed, the court found that the FAA "contemplates a clause like the clause in the present case." Id. at 716. Accordingly, the clause was enforceable without the court resorting to impermissible speculation as to the parties' intent or rewriting the terms of the clause.

The cases cited by the plaintiff fail to stand for the proposition that an arbitration clause such as that found in the instant contract is unenforceably vague. Rather, they are inapposite to the factual situation of the present case. Indeed, in Dean Witter Reynolds, Inc. v. Prouse, 831 F.Supp. 328 (S.D.N.Y. 1993), the court addressed an attempt by a litigant to compel arbitration in one forum in the face of an arbitration clause that expressly provided a different forum. Id. at 331-32. That the court declined to rewrite the provision has no bearing where, as here, the missing terms are supplied by the FAA. Further, in McKinley v. Martin, 722 F.Supp. 697 (D. Wyo. 1989), instead of a clearly-written provision concerning arbitration, the court was confronted with a series of letters between the parties about their dispute, which included the possibility of arbitration. The court ruled that there was no meeting of the minds and therefore that it could not compel arbitration on the facts in front of it. Id. at 703-04.

In Painewebber v. Chase Manhattan Private Bank, 260 F.3d 453 (5th Cir. 2001), the court ruled that a clause that submitted disputes "to the appropriate arbitrator or court in the United States" was not a binding agreement to arbitrate, because the clause evinced no preference for the parties in favor of arbitration over litigation. Id. at 462. However, the court in Allianz Life Ins. Co. of North America v. American Phoenix Life & Reassurance Co., 2000 WL 34333013 (D. Minn 2000) (unpublished), held that the phrase "arbitration clause," standing alone in a

reinsurance contract was enough to bind the parties to arbitration. Id. at *4. Although the arbitration clause in this case does indeed fail to set forth the precise terms of arbitration, it is clear that these terms are supplied by the FAA. If the phrase "arbitration clause" can be held to be sufficient to create a binding agreement to arbitrate disputes, then the arbitration clause in the instant contract also must be sufficient. It is manifestly clear that the two sophisticated parties to this contract agreed that the defendant would have the authority to elect to arbitrate certain disputes in lieu of litigation. Were the court to not give effect to this intent, the court would be impermissibly altering the terms of the bargained-for contract. Thus, the court must enforce the arbitration agreement.

IV. Conclusion

Because the contract between the parties in this case clearly manifests their assent to arbitration should a dispute arise and the defendant so elect, and because the defendant has indicated such an election, the contract also precludes the instant litigation. Accordingly, the defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice.[1]

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

/s/ Jerome B. Friedman
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

April 24, 2008
Norfolk, Va.

---

[1] Although the defendant does not acknowledge the posture of its own counterclaim in the case, it is clear that the same contractual provision that mandates the dismissal of the complaint also requires the dismissal of the counterclaim, which is itself based on allegations that the plaintiff breached the contract first.